**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Tristan M.,

      Claimant,

v.

Martin J. O'Malley,
*Commissioner of Social Security*,

      Defendant.

Case No. 23-cv-2077 (JMB/DTS)


**REPORT AND RECOMMENDATION**

---

**INTRODUCTION**

Claimant Tristan M. filed an application for Disability Insurance Benefits and Supplemental Security Income on April 30, 2018. Administrative Record (Admin. Rec.) at 200-205, 206-207; Dkt. No. 12. Following denials at the initial and reconsideration levels, *id.* at 89, 91, 127, 129, Claimant appeared at a hearing before an Administrative Law Judge (ALJ) on January 8, 2020. *Id.* at 31-54. The ALJ issued an unfavorable decision on February 4, 2020. *Id.* at 7-27. The Appeals Council denied Claimant's request for review, *id.* at 1-6, and Claimant subsequently filed a civil action in this Court. *Id.* at 1251-1258. In October 2021, the Court remanded the case for further proceedings. *Id.* at 1259-1265, 1274-1276. On December 15, 2022, Claimant appeared at a second hearing before a different ALJ. *Id.* at 1182. The ALJ issued another unfavorable decision on March 16, 2023. *Id*. at 1182-1208. Claimant then filed the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c). Pl.s Mem. on Mot. For Summary Judgment (Pl.'s Mem.) at 1-2; Dkt. No. 20.

**BACKGROUND**

Claimant was born on February 7, 1996, Admin. Rec. at 206; Dkt. No. 12, and has a high school education, *id.* at 37.   He previously worked as a landscaper, package handler, retail sales associate, and city parks worker.  *Id.* at 38, 225.  The ALJ found that Claimant suffered from severe Crohn's disease/colitis with cyclic vomiting syndrome, sacroiliitis/spondyloarthropathy, and cannabis use disorder with hyperemesis.   *Id.* at 1185.

The primary issue in this case is whether the ALJ properly determined that Claimant's substance abuse was a material contributing factor to his disability.  *Id.* at 1199-1200; Pl.'s Mem. at 4-9; Dkt. No. 20; Def's Mem. on Mot. For Summary Judgment (Def.'s Mem.) at 4-10; Dkt. No. 26.  The ALJ concluded that if Claimant stopped abusing substances, he would have the residual functional capacity (RFC) to perform light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and would be absent from work 2 days per year due to his symptoms.  Admin. Rec. at 1200-1201; Dkt. No. 12.  The vocational expert testified that an individual with such limitations could perform certain sedentary, unskilled jobs, but not Claimant's past relevant work.  *Id.* at 1206.

Claimant argues that the ALJ erred in relying on his lay opinion to assess the materiality of his past substance use and that the ALJ should have consulted a medical expert on this issue.  Pl.'s Mem. at 4-9; Dkt. No. 20.  He also contends that the ALJ failed to account for his proven limitations in the RFC, particularly those related to his necessary Remicade infusions for Crohn's disease, which he alleges would cause him to miss more than eight days of work per year.  *Id.* at 10-12.

The Commissioner maintains that substantial evidence supports the ALJ's finding that Claimant's substance abuse was a material factor contributing to his disability, arguing that the ALJ made reasonable inferences based on the medical evidence showing improvement in Claimant's condition when he abstained from marijuana use. Def.'s Mem. at 4-10; Dkt. No. 26.  The Commissioner also asserts that the ALJ's RFC assessment adequately accounted for Claimant's proven limitations and that Claimant did not provide sufficient evidence to establish that his Remicade infusions would cause excessive absences.  *Id.* at 10-11.

## ANALYSIS

### I.      Standard of Review

The Commissioner's denial of disability benefits is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3).  This Court has authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing a decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* § 405(g) (sentence four).  The Court "must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole."  *Telkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).  Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003).  The Supreme Court has said that substantial evidence is "more than a mere scintilla" but less than a preponderance of the evidence.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

On review, the Court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." *Hartfield v. Barnhart*, 384 F.3d 986, 988 (8th

Cir. 2004).  If it is possible, based on the evidence, to reach two inconsistent decisions, and one of those decisions is the Commissioner's position, the decision must be affirmed. *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).  The denial of benefits will not be disturbed "so long as the ALJ's decision falls within the available zone of choice." *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008).

The Court's task is to determine whether the ALJ's decision is supported by substantial evidence in the record as a whole and complies with the relevant legal requirements.  *See Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010).  This includes ensuring that the ALJ followed the five-step sequential evaluation process for determining disability, properly considered and weighed the medical opinion evidence, and adequately explained the reasons for the weight given to the evidence.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1527, 416.927; Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996).  Disability under the Social Security Act means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Under the regulations, disability means that the impairment is so severe that the claimant is not only unable to engage in previous work but cannot engage in any other kind of substantial gainful employment that exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

## II.    Past Substance Use

The ALJ's assessment of the materiality of Claimant's substance use is a central issue in this case.  The parties present conflicting arguments regarding the ALJ's reliance

4

on medical evidence and lay opinion in determining the impact of Claimant's marijuana use on his impairments and limitations.

Claimant contends that the ALJ erred by relying on his own lay opinion to assess the materiality of his past substance use.  Pl.'s Mem. at 4-7; Dkt. No. 20.  He argues that the medical evidence does not definitively establish a causal relationship between his marijuana use and his vomiting episodes.  *Id.* at 8-9.  Instead, Claimant asserts that the ALJ's materiality findings were based on speculation rather than concrete medical conclusions.  *Id*. at 8-10.  To support his position, Claimant maintains that the ALJ should have consulted a medical expert to properly evaluate the role of his marijuana use in his overall disability picture.  *Id.* at 4-5.

Conversely, the Commissioner defends the ALJ's finding that Claimant's substance abuse was a material factor contributing to his disability.  Def.'s Mem. at 4-10; Dkt. No. 26.  The Commissioner contends that the ALJ drew reasonable inferences from the medical evidence, which demonstrated an improvement in Claimant's condition when he refrained from using marijuana.  *Id.* at 5-8.  The Commissioner emphasizes that the ALJ is tasked with weighing the evidence and resolving conflicts in the record and that the court should defer to these findings when they are supported by substantial evidence. *Id.* at 9; *see Biestek*, 139 S. Ct. at 1154 (noting that under the substantial evidence standard, a court asks whether the administrative record contains 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion').

In evaluating the parties' arguments, it is essential to examine the ALJ's reliance on the medical evidence and the potential need for a medical expert opinion.  The ALJ cited medical records indicating a link between Claimant's marijuana use and his gastrointestinal issues, particularly his cyclical vomiting.  Admin. Rec. at 1195, 1198-

1200; Dkt. No. 12.  Treatment providers observed that Claimant's nausea and vomiting appeared to be related to his cannabis use.  *Id.* at 623, 683, 1150, 1195.  Importantly, the ALJ noted a significant decrease in Claimant's vomiting episodes during periods of marijuana abstinence.  *Id.* at 1200.

While the Appeals Council did not mandate the consultation of a medical expert, *id.* at 1275, Claimant argues that the ALJ's previous errors in assessing his impairments warranted seeking an expert opinion on the materiality of his marijuana use, Pl.'s Mem. at 4-5; Dkt. No. 20.  The regulations require the ALJ to obtain additional evidence, such as a consultative examination, when the record is insufficient to determine the claimant's disability status.  *See* 20 C.F.R. §§ 404.1519a(b), 416.919a(b).

Despite the lack of a medical expert opinion, substantial evidence in the record supports the ALJ's materiality finding.  The ALJ made reasonable inferences based on the medical evidence, which consistently showed a correlation between Claimant's marijuana use and his gastrointestinal symptoms.  Admin. Rec. at 1195, 1198-1200; Dkt. No. 12.  Treatment providers repeatedly attributed Claimant's nausea and vomiting, at least in part, to his cannabis use.  *Id.* at 623, 683, 1150, 1195.  The ALJ logically concluded that Claimant's condition improved when he abstained from marijuana, as evidenced by the notable decrease in his vomiting episodes.  *Id.* at 1200.

It is important to recognize the ALJ's role in weighing evidence and resolving conflicts in the record.  The substantial evidence standard affords the ALJ significant deference in making these determinations.  *See Biestek*, 139 S. Ct. at 1154.  Even if the court may have reached a different conclusion or if substantial evidence also supports a contrary outcome, the court may not reverse the ALJ's findings if they are supported by substantial evidence.  *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

The ALJ's materiality finding in this case falls within the "available zone of choice" and should not be disturbed.  *See Bradley*, 528 F.3d at 1115.

After considering the arguments presented and the applicable legal standards, the Court finds that the ALJ's materiality finding was supported by substantial evidence in the record.  The ALJ relied on relevant medical evidence establishing a connection between Claimant's marijuana use and his gastrointestinal symptoms and reasonably determined that his condition improved during periods of abstinence.  Admin. Rec. at 1195, 1198-1200; Dkt. No. 12.  Although consulting a medical expert may have provided additional insight, the ALJ's materiality finding was adequately supported by substantial evidence in the record.  Consequently, it is recommended that the Court defer to the ALJ's assessment of the materiality of Claimant's substance use.

## III.     RFC Assessment

The ALJ's determination of Claimant's RFC is another crucial issue in this case. The parties disagree on whether the ALJ adequately accounted for Claimant's limitations, particularly those related to his Remicade infusions for Crohn's disease.

Claimant contends that the ALJ failed to properly consider the impact of his Remicade infusions on his ability to sustain work.  Pl.'s Mem. at 10-12; Dkt. No. 20.  He argues that the ALJ's finding that he would miss only two days of work per year is unsupported by the evidence, asserting that his Remicade infusions alone would cause him to miss more than eight days of work annually.  *Id.* at 11-12.  Claimant maintains that the ALJ's failure to account for his infusion-related absences constitutes reversible error. *Id.* at 12-13.

In response, the Commissioner argues that the ALJ's RFC assessment adequately addressed Claimant's proven limitations.   Def.'s Mem. at 10; Dkt. No. 26.   The

Commissioner contends that Claimant failed to provide sufficient evidence demonstrating that his Remicade infusions would result in excessive absences from work. *Id.* at 10-11. According to the Commissioner, the ALJ's determination of Claimant's work-related limitations, including his projected absences, is supported by substantial evidence in the record. *Id.* at 11.

The ALJ found that Claimant had the RFC to perform light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and would be absent from work two days per year due to his symptoms. Admin. Rec. at 1200-1201; Dkt. No. 12. In reaching this conclusion, the ALJ considered Claimant's testimony, the medical evidence, and the opinions of state agency medical consultants. *Id*. at 1201-1205.

Claimant testified that he receives Remicade infusions every five weeks, lasting from one to three hours, after which he feels unwell. *Id.* at 46. He asserts that it is unlikely he would be able to work on the day of an infusion. Pl.'s Mem. at 12; Dkt. No. 20. The record confirms that Claimant received numerous Remicade infusions throughout the relevant period. Admin. Rec. at 1950-1961; Dkt. No. 12. However, the ALJ's decision does not specifically address the potential impact of these infusions on Claimant's work attendance.

The ALJ noted that Claimant experienced fewer emergency room visits related to vomiting after he stopped using marijuana. *Id.* at 1200, 1203. Based on this evidence, the ALJ concluded that Claimant would miss approximately two days of work per year due to his impairments. *Id.* at 1203. Although the ALJ acknowledged Claimant's Remicade infusions, the ALJ did not explicitly discuss how these treatments might affect Claimant's work attendance. Claimant argues that his infusions alone would cause him

8

to miss at least eight days of work per year, which the vocational expert testified would preclude competitive employment.  Pl.'s Mem. at 12; Dkt. No. 20.

The ALJ's RFC assessment accounts for some of Claimant's limitations, such as postural restrictions and a provision for work absences, Admin. Rec. at 1200-1201; Dkt. No. 12, but does not address the potential impact of his Remicade infusions on his work attendance.  However, Claimant did not provide sufficient evidence to establish that these infusions would cause him to miss more than two days of work per year.  For example, the record does not address whether the Remicade infusions could occur during off-work hours or the intensity or disabling effects of the injections.  Admin. Rec. at 1969; Dkt. No. 18.  The record lacks medical opinions or other persuasive evidence indicating that Claimant's infusions would result in excessive absences.

In the Eighth Circuit, an ALJ's RFC determination must be supported by substantial evidence in the record as a whole.  *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010).  Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  *Lewis*, 353 F.3d at 645.  The court must consider both evidence that supports and evidence that detracts from the ALJ's decision, but it may not reverse the decision merely because substantial evidence would have supported an opposite decision.  *See Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005).

Applying these standards to the present case, the Court finds the ALJ's RFC assessment to be adequate.  The ALJ's decision shows that he considered Claimant's limitations and incorporated appropriate restrictions into the RFC.  Admin. Rec. at 1200-1205; Dkt. No. 12.  Although the ALJ did not explicitly discuss the impact of Claimant's Remicade infusions on his work attendance, Claimant failed to provide sufficient evidence

9

demonstrating that these treatments would cause excessive absences.  The ALJ's finding

that Claimant would miss approximately two days of work per year is supported by

substantial evidence, including the decrease in his emergency room visits after he

stopped using marijuana.  *Id.* at 1200, 1203.

While a more thorough analysis of the Remicade infusions would have been ideal,

the absence of such discussion does not render the ALJ's overall RFC assessment

unsupported by substantial evidence.  The ALJ's determination is based on a reasonable

evaluation of the evidence in the record, and it falls within the "available zone of choice"

that the court must afford the ALJ.  *See Hacker v. Barnhart*, 459 F.3d 934, 937-38 (8th

Cir. 2006).   Therefore, it is recommended that the Court affirms the ALJ's RFC

determination.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.    Claimant's Motion for Summary Judgment [Dkt. No. 20] be **DENIED**.

2.    Defendant's Motion for Summary Judgment [Dkt. No. 26] be **GRANTED**.

Dated: April 16, 2024                              ____s/David T. Schultz_____
                                                   DAVID T. SCHULTZ
                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).